UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAKER HUGHES INC. et al.,

      Plaintiffs,

v.

S&S CHEMICAL, LLC et al.,

      Defendants.

File No. 1:14-cv-531

HON. ROBERT HOLMES BELL

_____/

## OPINION

This is a trade secret and breach of contract case. On October 20, 2015, the Court granted summary judgment in favor of Defendants S&S Chemical, LLC, Bruce Neal Stevens, and SPE Wax Technologies, LLC. (ECF No. 328.) Defendants submitted a bill of costs (ECF No. 343), and Plaintiffs filed a motion to oppose Defendants' bill of costs (ECF No. 346). The Court granted Plaintiffs' motion and ordered Defendants to file a revised bill of costs. (ECF No. 360.) Defendants filed a corrected bill of costs (ECF No. 362), and in response, Plaintiffs filed a motion "to disallow Defendants' claimed costs" (ECF No. 364). Defendants filed a response, which included corrected costs for clerk and printing fees. (ECF No. 367.) The matter is before the Court on Defendants' motion for reconsideration (ECF No. 363), and Plaintiffs' motion to disallow costs (ECF No. 364).

## I. Motion to Disallow Defendants' Costs

Costs are "those items of expense incurred in litigation that a prevailing party is allowed by rule to tax against the losing party." *United States v. Idaho*, 508 U.S. 1, 8 (1993). In federal court, costs are generally allowed as a matter of course to the prevailing party. Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 enumerates the expenses that a federal court may tax as costs under Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). These costs are:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically-recorded transcripts necessarily obtained for use in the case; (3) Fees for and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Although the district court "has broad discretion to determine whether and to what extent to award costs, the district court may not award costs not authorized by the statute." 10 Cyc. of Fed. Proc. § 38:2 (3d ed.). If Rule 54(d) "grant[ed] courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever . . . . § 1920 defines the term 'costs' as used in Rule 54(d). It is phrased permissibly because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford*, 482 U.S. at 441.

Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786

F.2d 728, 730 (6th Cir. 1986). "Because the rule prescribes a course of action as the norm but allows the district court to deviate from it, the court's discretion is more limited than it would be if the rule were nondirective." *Goosetree v. Tennessee*, 96 F.2d 854, 863 (6th Cir. 1986). Therefore, it is "incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Id.*

Plaintiffs object to several items included in Defendants' corrected bill of costs (ECF No. 362). The Court will address each in turn:

**Fees of the Clerk**

Defendants' original bill of costs mistakenly identified their clerk fees, so Defendants submitted a corrected bill of costs to reflect the proper amount of $595.50. (ECF No. 362.) This resolves Plaintiffs' objection, but the receipts submitted in support of this requested cost total $214.40. (ECF No. 362, PageID.8946-47, PageID.8976-78, PageID.8981-82.) Therefore, clerk fees are awarded as costs in the amount of $214.40.

**Fees for Transcripts**

Under § 1920, the Court may tax as costs fees for printed or electronically-recorded transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Necessity is "determined as of the time of the taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989) (citations omitted). But depositions that are "merely investigative, preparatory, or useful for discovery are not taxable as costs." *Baker v. First Tenn. Bank Nat'l Ass'n*, No. 96-6740, 1998 WL

136560, at *5 (6th Cir. Mar. 19, 1998).  Further, § 1920 does not allow the prevailing party to recover costs for materials that merely added to convenience of counsel or the district court, or for materials produced solely for discovery.  *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147-48 (10th Cir. 2009).

Defendants seek the cost of nearly all of their deposition transcript expenses incurred during the course of discovery, plus videotaping charges and the cost of a court transcript, totaling $24,109.46.  Plaintiff objects to the costs of transcripts relating to the discovery depositions of all witnesses except for Stephen Littlefield (ECF No. 218, PageID.3683-84).  Mr. Littlefield's deposition was the only one specifically relied upon in Defendants' successful motion for summary judgment.  (ECF No. 326, PageID.7910-11.)

The Court must determine whether each deposition was necessary for use in the case. Defendants argue that all of the depositions were directly relevant to their defenses, including issues related to the release agreement, whether the information was a trade secret, and whether the statute of limitations had run.

Defendants did not specifically cite to deposition testimony other than Mr. Littlefield's in their successful motion for summary judgment.  Nonetheless, Defendants may have necessarily obtained the other depositions.  *See Baker*, 1998 WL 136560, at *3 ("[A] deposition does not have to be used as evidence to be taxed as an expense.").  Defendants vigorously defended the suit, and filed three motions for summary judgment.  Defendants attached Mr. Crowder's deposition transcript, as well as several exhibits from his deposition, in their motion for summary judgment based on the statute of limitations.  (ECF 203.)

Defendants necessarily obtained Mr. Crowder's deposition for use in the case. Also, Dr. Samsel was listed on Defendants' expert witness list (ECF No. 84), and based on his deposition transcript (ECF No. 228), likely would have testified if the case had gone to trial. Therefore, Defendants necessarily obtained Dr. Samsel's deposition for use in the case. Defendants also deposed Mr. Bergman (ECF No. 235), who discussed whether information relating to the case was available to the public, in support of Defendants' argument that this was not a trade secret. His deposition was also reasonably necessary for use in the case.

Defendants deposed several of Plaintiffs' employees whom Plaintiffs relied upon in their brief in opposition to Defendants' motion for summary judgment. (ECF No. 304.) These depositions include Mr. Savastano, Mr. Hanna, and Mr. Merkley. Several other depositions were stricken from Plaintiffs' brief, including Mr. Craft, Mr. Stevens, and Mr. Wilson. Given that Plaintiffs relied upon these depositions to counter Defendants' motion, the Court cannot say that each deposition was not reasonably necessary for use in the case when taken by Defendants. In addition, several of the remaining deposition transcripts are sealed, including Mr. Allen's (ECF No. 142), Mr. Vaughan's (ECF No. 141), and Mr. Woods' (ECF No. 136). The Court has reviewed these transcripts and cannot say that each deposition was not reasonably deemed necessary at the time it was taken. Therefore, the Court will tax as costs the above-mentioned certified deposition transcripts in the amount of $17,595.53.[1]

---

[1]This figure is only for the written, certified deposition transcripts, and does not include videotape costs.

Defendants request costs for deposition transcripts and videotaping charges. Courts routinely tax costs associated with videotaped depositions. *Whirlpool Corp. v. LG Elect.*, No. 1:04-cv-100, 2007 WL 2462659, at *5 (W.D. Mich. Aug. 26, 2007) (Bell, J.) (collecting cases). Although Defendants have proven that deposition transcripts were necessarily taken for use in the case, Defendants have not explained why video depositions were also necessary. Thus, the Court, in its discretion, will not allow duplicative costs for videotaping. *See Johnson v. City of Battle Creek*, No. 4:04-cv-38, 2005 WL 1427716, at *2 (W.D. Mich. June 16, 2005) (Scoville, M.J.) ("In the absence of an adequate explanation why the apparently duplicative videotape costs were necessarily incurred, the court, in its discretion, will disallow [them]."); *cf. Irwin Seating Co. v. Int'l Bus. Mach. Corp.*, No. 1:04-cv-568, 2008 WL 1869055, at *2 (W.D. Mich. Apr. 24, 2008) (Bell, J.) (finding that the defendant made a sufficient showing to support its determination that video depositions were reasonable and necessary, given the importance of the witness testimony, the large amount of money at stake, and the possibility that the witnesses will become unavailable).

In addition, Defendants requested costs for the depositions of Mr. McGriggs (ECF No. 362, PageID.8949) and Mr. Jeffs (ECF No. 362, PageID.8969). Both transcripts are not part of the record, and Defendants did not provide any details about what was discussed in either deposition. The Court cannot determine that the depositions were reasonably necessary for use in the case. Therefore, the Court will not tax as costs the depositions of Mr. McGriggs and Mr. Jeffs.

Defendants also seek to recover the cost of ordering a Rule 16 status conference

6

transcript.  No testimony was taken at the hearing, and the Court issued a case management order after the conference (ECF No. 60).  This transcript was not reasonably necessary for use in the case, but rather for the Defendants' convenience.  Thus, the transcript is not taxable under § 1920(2).

**Fees for Service of Summons and Subpoena**

Defendants are entitled to recover for process-service fees and subpoena fees.  28 U.S.C. § 1920(1).  The Court may tax costs for private process server fees to the extent that such fees do not exceed fees charged by the United States Marshal for service of process.  *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002).  In 2015, when the service of process took place, the marshals charged $65 per hour for process served or executed personally.  28 C.F.R. § 0.114.

Defendants request to recover the costs of process-service and subpoena fees.  Several of the requested costs relate to depositions that this Court found reasonably necessary for use in the case, so the Court will tax as costs the fees for Mr. Crowder, Mr. Woods, and Mr. Allen.  Defendants' receipts also include unsuccessful attempts to serve.  Defendants may tax unsuccessful service because the marshals collect fees "even when process in (sic) returned to the court or the party unexecuted, as long as service is endeavored."  *Id.*  But it is not clear how many hours were spent by the private processing server.  Because Defendants did not provide more detailed information, the Court will award $65 for each service of process or attempt for Mr. Crowder, Mr. Woods, and Mr. Allen.  Therefore, the process-service fees are taxable in the amount of $390.

7

**Fees and Disbursements for Printing**

Photocopying costs "'necessary for the maintenance for the action, including copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the other party, copies of exhibits, and documents prepared for the court's consideration,'" are recoverable under § 1920(4). *Whirlpool*, 2007 WL 2462659, at *1 (quoting *Charboneau v. Severn Trent Lab., Inc.*, No. 5:04-cv-116, 2006 WL 897131, at *1 (W.D. Mich. Apr. 6, 2006) (Bell, C.J.)).  The party seeking reimbursement for photocopying costs has the burden to show that the copies were necessary for use in the case. *Irwin Seating Co.*, 2008 WL 1869055, at *3.  "Although section 1920(4) does not demand page-by-page precision, a bill of costs must represent a calculation that is reasonably accurate under the circumstances." *Id.* (quoting *Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1380 (Fed. Cir. 2006)).  The description "need not be 'so detailed as to make it impossible economically to recover photocopying costs,' but it must be 'the best break down obtainable from retained records.'" *Id.* (quoting *Rice v. Sunrise Express, Inc.*, 237 F. Supp. 2d 962, 981 (N.D. Ind. 2002)).

Defendants did not provide enough details for the Court to determine that the copies were necessary for use in the case.  The Court cannot identify any receipts that relate to this cost, and Defendants simply listed the amount with the description "H&H Copy Fees." (ECF No. 362, PageID.8945.)  Defendants do not provide any additional details.  In their response, Defendants also do not provide any explanation as to the fees incurred but simply conclude that the request is "immensely fair, and in fact, does not reasonably cover the actual reproduction costs of a case of this magnitude."  (ECF No. 367, PageID.9071.)  Because

Defendants have not supported the request with any details, the Court will not award costs for copies.

**Fees for Witnesses**

Defendants may recover witness fees under § 1920(3).  Witness fees are calculated according to 28 U.S.C. § 1821, which provides that a witness "shall be paid an attendance fee of $40 per day for each day's attendance."  28 U.S.C. § 1821(b).  Defendants request costs for Mr. Crowder's attendance for his deposition.  Mr. Crowder's deposition lasted one day.  (ECF No. 362, PageID.8944.)  Defendants request $95.31, but do not describe why the amount requested exceeds $40.  Although § 1821 permits costs for travel, a receipt or other evidence of actual cost must be furnished.  28 U.S.C. § 1821(c)(1).  Defendants have not provided any travel receipts or additional information for Mr. Crowder's witness fee.  Therefore, the Court will award $40 for witness fees.

**Other Costs**

Defendants also request "other costs" for Lexis/Nexis computer research charges and a voluntary facilitative mediation fee.  Defendants have not identified any provision in § 1920 or Rule 54(d) that would support the taxation of costs for computer-aided research.  Rather, in response to Plaintiffs' objections, Defendants simply state that the amount is "fair, reasonable, and appropriate."  (ECF No. 367, PageID.9071-72.)   Although this cost may be properly included in an award of attorneys' fees and costs, "it is not properly taxed as a cost under Rule 54(d) and § 1920."  *Irwin*, 2008 WL 1869055, at *6.  In addition, the Court has already held that online research fees should be stricken from the bill of costs.  (ECF No.

360, PageID.8937.) Accordingly, the Court will not award the costs of Lexis/Nexis computer research.

Mediation fees may be taxable if the service "conferred a benefit on the prevailing party by helping produce a favorable result." *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 827 (6th Cir. 2013). Defendant submitted a receipt that lists the date of January 12, 2015 (ECF No. 362, PageID.8980), but the Court did not grant Defendants' motion for summary judgment until October 20, 2015 (ECF No. 329). Defendants have not shown that voluntary mediation conferred a benefit to Defendants by helping to produce a favorable result. Therefore, the Court will not award the costs of the voluntary facilitative mediation fee.

## II. Motion for Reconsideration

### A.    Standard of Review

The Western District of Michigan's Local Civil Rules provide that, when a party moves for reconsideration, it must "not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." W.D. Mich. LCivR. 7.4(a). As a general rule, "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." *Id.*

### B.    Analysis

Defendants seek reconsideration of the Court's order denying Defendants' motion for attorneys' fees and costs. (ECF No. 363, PageID.8995.) Defendants argue that Plaintiffs

10

acted in bad faith, and under the Michigan Uniform Trade Secret Act, Defendants are entitled to seek attorneys' fees. Defendants do not present newly discovered evidence, but rather argue that the Court erred in concluding that Plaintiffs did not act in bad faith.

1. Plaintiffs' assertion of trade secrets

The Michigan Uniform Trade Secrets Act imposes two requirements on a party seeking attorneys' fees: (1) that the party is the prevailing party; and (2) that the opposing party's claim of misappropriation is made in bad faith. Mich. Comp. Laws § 445.1902; *Degussa Admixtures, Inc. v. Burnett*, 277 F. App'x 530, 534 (6th Cir. 2008). A showing of bad faith requires "'objective speciousness of the plaintiff's claim,'" and "'subjective bad faith in bringing or maintaining the claim.'" *Id.* (quoting *Gemini Aluminum Corp. v. Cal. Custom Shapes, Inc.*, 116 Cal. Rptr. 2d 358, 368 (Cal. Ct. App. 2002)). Because the Court granted summary judgment in favor of Defendants, the only question before the Court was whether Plaintiffs' claim of misappropriation was made in bad faith.

The Court held that Plaintiffs' assertion that they possessed trade secrets was not made in bad faith. (ECF No. 358.) Defendants argue that Plaintiffs did not identify their trade secret with a level of specificity because the case would have been dismissed early on. Defendants assert that Plaintiffs acted in bad faith because prior patents show that the EP process and components for making polyethylene wax are in the public domain and expressly teach how to make polyethylene wax. Although Plaintiffs' trade secret utilized a patent, Plaintiffs argued that they had discovered a novel use for the patent (Pls.' Resp. to Mot. for Summ. J. 13, ECF No. 306), and their expert supported this claim (Bergbreiter Decl. ¶¶ 6-8,

11

ECF No. 272). Defendants also assert that this information was in the public domain because it was disclosed to the Oklahoma Department of Environmental Quality.

The Court is not persuaded by Defendants' argument that any insufficiency in Plaintiffs' pleadings demonstrates bad faith. Michigan courts do not impose a high bar on parties pleading claims of misappropriation. *See Dana Ltd. v. Am. Axle & Mfg. Holdings, Inc.*, No. 1:10-cv-450, 2013 WL 603104, at *1 (W.D. Mich. Feb. 19, 2013) ("Under Michigan law, a plaintiff alleging misappropriation of trade secrets is required to identify the trade secrets at issue 'clearly, unambiguously, and with specificity.' However, this degree of particularity is not required at the pleading stage. It can occur during discovery.") (citations omitted); *Interactive Sols. Grp., Inc. v. Autozone Parts, Inc.*, No. 11-13182, 2012 WL 1288173, at *3 (E.D. Mich. Apr. 16, 2012) ("While [plaintiff] has not identified the trade secrets clearly, unambiguously, and with specificity, such is not necessary at the pleading stage.") (citation omitted). Based on Michigan's pleading standards for trade secret claims, the Court cannot say that Plaintiffs' lack of specificity in their second amended complaint demonstrates bad faith.

2. Plaintiffs' misappropriation assertion

Under the Uniform Trade Secrets Act, misappropriation includes the disclosure or use of a trade secret without consent. Mich. Comp. Laws Ann. § 445.1902(b)(ii). Defendants argue that, because Plaintiffs' claim for misappropriation was without merit, Plaintiffs acted in bad faith. The Court granted summary judgment because of the release agreement between Plaintiffs and Defendant Stevens. Under the agreement, Defendant Stevens had no

12

duty to maintain the secrecy of Plaintiffs' information.  Thus, Defendants did not obtain a trade secret "from or through a person who owed a duty to the person to maintain its secrecy or limit its use."  *Id.*

Further, Plaintiffs made several arguments as to why they did not believe that the release agreement was binding.  Although the Court found that Plaintiffs' arguments were incorrect, that does not mean that they were frivolous or made in bad faith.  Thus, Defendants have not shown a palpable defect by which the Court and the parties have been misled.

3. The Court's inherent power

The Court also declined to award attorneys' fees based on its inherent power.  (ECF No. 358.)  District courts can award attorneys' fees "'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons,' or when the conduct is 'tantamount to bad faith.'"  *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) and *Roadway Express Inc. v. Piper*, 447 U.S. 752, 767 (1980)).  To determine whether bad-faith sanctions are proper, the Sixth Circuit applies a three-part test: (1) the claims advanced were meritless, (2) counsel knew or should have known this, and (3) the motive for filing the suit was for an improper purpose such as harassment.  *BDT Prods., Inc. v. Lexmark Int'l Inc.*, 602 F.3d 742, 752 (6th Cir. 2010) (internal quotation omitted).  The Court must find "something more than [the fact] that a party knowingly pursued a meritless claim."  *Id*. at 754.

Yet Defendants argue that the meritless claim reveals that Plaintiffs acted in bad faith. Defendants question "[h]ow blatant must the mischaracterization to the Court be before bad

13

faith can be attributed to a plaintiff who brings an action without a shred of possibility of success?" (ECF No. 363, PageID.9001.) Although the Court found Plaintiffs' claims meritless, that alone does not amount to bad faith; "something more" is required. Defendants have not shown that there is "something more" than the meritless claim. Rather, Defendants "are at a loss to imagine under what circumstances bad faith can be found, if not here. How meritless the claim?" (*Id.*) The "something more" that is required for the Court to award fees under its inherent power is absent, so the Court will decline to exercise its power.

4. 28 U.S.C. § 1927

If an attorney "multiplies the proceedings in any case unreasonably and vexatiously," the Court may require the party to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Sixth Circuit "construe[s] 'vexatiously multiplying proceedings' to include where 'an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims." *Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002) (citation omitted). Further, "[s]imple inadvertence and negligence are not grounds for imposing § 1927 sanctions." *Id.*

Defendants argued for § 1927 sanctions based on Mr. Barr's allegedly intentional misrepresentations to the Court. Mr. Barr testified under oath that, when he discovered an inaccurate statement in the first amended complaint, he took action to correct it, including voluntarily contacting Defendants counsel to correct the erroneous facts. (Barr Decl. ¶ 4, ECF No. 349-2.) The Court concluded that Mr. Barr's representation had not unreasonably

14

and vexatiously multiplied the proceedings.  Defendants argue that the Court erroneously relied upon the declarations of Mr. Barr and Mr. Woods even though Mr. Woods' deposition contradicted those declarations.  The Court rejected a similar argument in a hearing before United States Magistrate Judge Phillip Green.  (Order, ECF No. 94; 4/27/15 Hr'g Tr., ECF No. 105.)  Defendants argue that because of this contradiction either Mr. Barr failed to investigate and made "misstatements on the fly" or he knowingly misrepresented what he knew.  (ECF No. 363, PageID.9004.)  The Court is not convinced that Mr. Barr knew or reasonably should have known that the claim was frivolous or that Mr. Barr intentionally misrepresented facts to the Court.  Defendants have not shown a palpable defect, but rather continue to make the same argument for bad faith that the Court previously rejected.

In conclusion, Defendants have not demonstrated a palpable defect, and merely present the same issues already ruled upon by the Court.  Therefore, Defendants' motion for reconsideration is denied.

An order will enter in accordance with this opinion.


Dated: <u>October 24, 2016</u>                    <u>/s/ Robert Holmes Bell                    </u>
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE